UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALASTAIR DOMINIC MOTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00453-TWP-DML |
| ) | |
| JOSHUA STIERWALT, ) | |
| KEVIN OSTERTAG, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Renewed Motion for Leave to Proceed *In Forma Pauperis*
and Screening Complaint**

**I.**

Plaintiff Alastair Dominic Moton's ("Moton") renewed motion to proceed *in forma pauperis* [dkt. 5] is **granted**. No initial partial filing fee is feasible at this time. Notwithstanding the foregoing ruling, the Moton still owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

In this action, the Moton seeks an undetermined amount of money from the Defendants Joshua Stierwalt and Kevin Ostertag, (collectively "Defendants") who are employees at a Kroger grocery store. He explains in June 2015 he came to Indianapolis where his money was stolen from his bag at the bus station. On June 9, 2015, he walked into the Kroger store on Washington Street. He was very hungry and was working chemicals (from marijuana, pain killers and synthetic heroin)

out of his body. Although it is unclear, the complaint appears to allege that the Moton had an agreement with the Defendants that he could take certain food items; but instead, the police were called and the Moton was charged and later convicted of robbery. Moton also alleges that the Defendants sexual harassed him. Subject to esoteric exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).  That is the case here. The complaint fails to

contain a legally viable claim over which this Court could exercise subject matter jurisdiction and this action is dismissed for lack of jurisdiction.

### III.

The plaintiff shall have **through May 10, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 4/21/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALASTAIR DOMINIC MORTON
136009
Clinton County Jail
301 East Walnut Street
Frankfort, IN 46041