UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALASTAIR DOMINIC MOTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00453-TWP-DML |
| ) | |
| JOSHUA STIERWALT, ) | |
| KEVIN OSTERTAG, and ) | |
| KROGER CORPORATION FRANCHISE, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Amended Complaint for Lack of Jurisdiction
And Directing Entry of Final Judgment**

For the reasons explained below, the amended complaint (like the original complaint) fails to contain a legally viable claim over which this Court could exercise jurisdiction and this action is dismissed.

The Entry of April 21, 2016, gave the plaintiff a period of time in which to show cause why the action should not be dismissed for lack of jurisdiction. In response, the plaintiff filed an amended complaint. The amended complaint alleges the same facts as the original complaint but adds Kroger Corporation Franchise as a defendant.

Subject to esoteric exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter

jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question or diversity jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). There is also no allegation which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law, and a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The amended complaint fails to contain a legally viable claim over which this Court could exercise jurisdiction and this action is dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/6/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALASTAIR DOMINIC MOTON
258449
CLINTON COUNTY JAIL
301 East Walnut Street
Frankfort, IN 46091